IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH MEGWA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:18-cv-47-K |
| | § | No. 3:12-cr-312-K-1 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant Joseph Megwa's post-judgment motions (docs. 25, 27). For purposes of this Memorandum Opinion and Order, "CR Doc." refers to Megwa's criminal docket, Case Number 3:12-cr-312-K-1, and "CV Doc." refers to his civil docket, Case Number 3:18-cv-47-K. The issues presented here have been fully briefed, and the matter is now ripe for adjudication. For the reasons addressed below, Megwa's post-judgment motions will be construed as an unauthorized successive § 2255 motion and dismissed for lack of jurisdiction.

## BACKGROUND

Joseph Megwa, M.D., a resident of Fresno, California, was a medical doctor who was licensed by the state of Texas. PSR ¶ 26. He owned and operated Raphem Medical Practice, P.A. ("Raphem"), located in Arlington, Texas. PSR ¶¶ 26, 27. Megwa and his medical professionals performed unnecessary home visits and ordered unnecessary medical services for the Medicare and Medicaid beneficiaries certified for

home healthcare services by Megwa. PSR ¶ 29. From January 1, 2006 through November 30, 2011, Mega certified more than 2,0000 unique Medicare beneficiaries for home healthcare services provided by over 230 home healthcare agencies. PSR ¶ 30. Raphem and the home healthcare agencies billed Medicare and Medicaid for approximately $100,500,000 for these beneficiaries. *Id.* From January 2006 through November 2011, Megwa and his codefendants were engaged in a conspiracy to commit healthcare fraud. PSR ¶ 33. Medicare and Medicaid were the primary victims of the offense, and they suffered a combined loss of $5,457,159.42. PSR ¶ 58.

Following a nine-day jury trial, Megwa was found guilty of the following: (1) conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349 (count one); (2) healthcare fraud, in violation of 18 U.S.C. §§ 1347 and 2 (counts two through four); and (3) false statements relating to healthcare, in violation of 18 U.S.C. §§ 1035(a)(2) and 2 (counts five through eight). (CR Doc. 318.) Megwa was sentenced to a total of 120 months' imprisonment, and he was ordered to pay restitution in the amount of $5,457,159.42. (*Id.* at 2, 5.) Megwa appealed to the Fifth Circuit Court of Appeals, and the Fifth Circuit affirmed this Court's judgment. (CR Docs. 314, 378.) On January 9, 2017, the Supreme Court denied his petition for a writ of certiorari. (CR Doc. 386.)

On January 8, 2018, Megwa filed his motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. (CV Doc. 1.) He argued that his trial attorney provided ineffective assistance of counsel for failing to call expert witnesses, but he

failed to provide any detailed information about his proposed expert witnesses. (CV Docs. 1, 2.) On July 28, 2020, the Court denied his § 2255 motion and all pending motions, entered judgment, and denied a certificate of appealability. (CV Docs. 21, 22, 23.) Megwa appealed to the Fifth Circuit Court of Appeals. (CV Doc. 24.) On June 1, 2021, the Fifth Circuit found that this Court did not err by failing to provide an evidentiary hearing and denied Megwa's request for a certificate of appealability. (CV Doc. 26.)

On July 21, 2021, Megwa filed his first post-judgment motion, which included an affidavit from a proposed expert witness. (CV Doc. 25.) On July 26, 2021, Megwa refiled his motion to reopen as a motion under Rules 59(e) and 60(b). (CV Doc. 27.) On July 28, 2021, the Court directed the Government to file a response to Megwa's post-judgment motions. (CV Doc. 28.) On August 23, 2021, the Government filed its response, opposing Megwa's requests to reopen his § 2255 motion and arguing that his requests should be construed as an unauthorized successive § 2255 motion and dismissed or transferred to the Fifth Circuit Court of Appeals. (CV Doc. 31.)

## DISCUSSION

A motion seeking reconsideration of a prior ruling is evaluated either as a motion under Federal Rule of Civil Procedure Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The rule under which a motion is considered is determined when the motion is filed. *Id.* If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was

filed under Rule 59, and if it was filed beyond that period, it is analyzed under Rule 60(b). *Id.* Megwa's post-judgment motions were filed on July 21, 2021 and July 26, 2021, more than 28 days beyond entry of judgment on July 28, 2020. Therefore, despite Megwa's arguments that his motions should be construed as filed under Rule 59(e), his motions are untimely under Rule 59(e) and will be treated as filed under Rule 60(b).

Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the intent of the court in seeing that justice is done in light of the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). "[T]he desire for a juridical process that is predictable mandates caution in

reopening judgments." *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018), *adopted by* 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes restrictions on second-or-successive habeas petitions, so federal courts must examine Rule 60(b) motions to determine if they are actually second-or-successive habeas petitions. *In re Jasper*, 559 F. App'x 366, 370-71 (5th Cir. 2014) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)). When a Rule 60(b) motion seeks substantive relief, based on claims unsuccessfully raised in prior § 2255 motions, it should be construed as an unauthorized successive § 2255 motion. *United States v. Williams*, 841 F. App'x 745, 746 (5th Cir. 2021) (per curiam) (*Gonzalez*, 545 U.S. at 532). "[A] motion filed pursuant to Federal Rule of Civil Procedure 60(b) is typically considered a successive [§ 2255 motion] if it raises new claims or 'attacks the federal court's previous resolution of a claim *on the merits*." *United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013) (quoting *Gonzalez*, 545 U.S. at 531-21). A movant must obtain prior authorization to file a successive § 2255 motion, or the district court lacks jurisdiction to entertain it. *Id.* (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). A court must distinguish between a Rule 60(b) motion and a § 2255 motion to ensure that a movant does not use Rule 60(b) to "make an end-run around AEDPA's exacting procedural requirements." *United States v. Patton*, 750 F. App'x 259, 263 (5th Cir.

2018)).  A movant's motion for relief is proper under Rule 60(b) when the movant "merely asserts that a previous ruling which *precluded* a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-.limitations bar."  *Id.* (quoting *Gonzalez*, 545 U.S. at 532, n.4).  However, when a Rule 60(b) motion advances substantive claims, as opposed to merely procedural ones, the motion should be construed as a successive § 2255 motion.  *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (citing *Gonzalez*, 545 U.S. at 532 & n.4).  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  To overcome the prohibition against the filing of a second-or-successive motion under § 2255(h), a movant must demonstrate:

> 1. newly discovered evidence that, if proven and viewed in the light of evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or
>
> 2. a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h). The decision must be made by a three-judge panel of the court of appeals. *See* §§ 2244(b)(3) and 2255. The district court is without jurisdiction to proceed until the movant obtains authorization to proceed from the Fifth Circuit.  If a second of successive § 2255 motion is "filed in the district court before leave of this Court has been obtained, the district court may either dismiss the motion for lack of

jurisdiction, or it may transfer the motion to [the court of appeals]" *In re Hertzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (per curiam); *see also Key*, 205 F.3d at 774 (noting that a movant's failure to obtain authorization from the circuit court before filing a second or successive 2255 motion acts "as a jurisdictional bar.")

In support of his post-judgment motions, Megwa argues: He has demonstrated that he has a potentially meritorious claim, and if it is proven, it "will bring success in its wake." (CV Doc. 25 at 5.) This Court noted that he did not present a declaration or other evidence from an expert stating that they would have testified at trial and that their testimony would have been favorable to the defense, but he has now complied. (*Id.*) (citing CV Doc. 25, Ex. 1.) Due to complications caused by the COVID-19 pandemic, Megwa's § 2255 counsel could not provide declarations or other evidence from relevant experts to establish prejudice due to mistake, inadvertence, surprise, or excusable neglect. (*Id.*) (citing Rule 60(b)(1)). He has now obtained evidence from a proper expert stating that he would have testified at trial that his testimony would have been favorable to the defense, as this was a close case where the jury was hung two times. (Doc. 25 at 6.) He is entitled to relief from his final judgment under Rule 60(b)(1) or Rule 60(b)(6). (Doc. 27 at 5.) Under Rule 60(b)(6), this Court may consider the impact of the COVID-19 pandemic because "it presents an extraordinary event that has occurred only once in 100 years." (*Id.*) Megwa claims to have met his burden here by attaching Exhibit 2, the declaration or other evidence from Mark Levin, M.D., an expert in Internal Medicine, Hematology, and Oncology, who states that he

would have testified at trial, and his testimony would have been favorable to the defense. (*Id.*)

Megwa has submitted new evidence, purportedly filed under Federal Rule of Civil Procedure 60(b)(2). (CV Doc. 25-1; CV Doc. 27-2.) The new evidence consists of a Medical Expert Report from independent medical examiner Mark Levin, M.D., who is licensed to practice medicine in the state of New York. (CV Doc. 25-1 at 1; CV Doc. 27-2 at 1.) With respect to count one, Dr. Levin opined: (1) Dr. Megwa's practice was in compliance with Medicare guidelines and practice standards; (2) Dr. Megwa appropriately billed Medicare for home visits and certifications; (3) Dr. Megwa executed a medical directorship agreement with the PTM home healthcare agency in compliance with Medicare guidelines; and (4) Dr. Megwa did not certify patients of the PTM home healthcare agency for services in his role as a medical director, but he did certify the patients in his capacity as their home care physician provider. (CV Doc. 25-1 at 2; CV Doc. 27-2 at 2.) With respect to counts five through eight, Dr. Levin opined: It was alleged that Dr. Megwa billed for home visits on patients while he was out of the country, but as demonstrated at trial, these were merely billing errors. (CV Doc. 25-1 at 6; CV Doc. 27-2 at 6.) Dr. Levin concluded, "There were no breaches of the standard of medical care by Dr. Megwa, and the bills . . . were fair and reasonable because the certifications, home visits, imaging, or any other medical process and billed by Dr. Megwa were relevant to the treatment received . . . And his care for [his] patients was not a sham, as the government alleged." (CV Doc. 25-1 at 7; CV Doc. 27-2 at 6.)

Finally, Dr. Levin stated, "I attest that I would have testified at trial if called, and my testimony would have been favorable to the defense, especially since this case was so closed [sic] from the jury's standpoint." (CV Doc. 25-1 at 7; CV Doc. 27-1 at 6.)

In this case, as outlined above, Megwa has filed post-judgment motions and attached new evidence in support of a claim that the Court previously rejected on the merits. Megwa now asks the Court to reconsider its substantive decision. Because he has asked this Court to reconsider its substantive decision, the Court construes Megwa's Rule 60(b) motion as a second-or-successive § 2255 motion. *See Gonzalez*, 545 U.S. at 532 (the district court must construe a Rule 60(b) motion for relief from judgment on a § 2255 motion as a successive § 2255 motion if it attacks the district court's prior resolution of a claim on the merits); *see also In re Franklin*, 832 F. App'x 440, 341 (5th Cir. 2020) (citing *Hernandes*, 708 F.3d at 681-82 (applying *Gonzalez* to analyze a Rule 60(b) motion filed in § 2255 proceedings)).

Considering the foregoing, Megwa's post-judgments motions are construed as an unauthorized successive § 2255 motion. There is no evidence before the Court that Megwa has received the requisite authorization from the Fifth Circuit to proceed with his successive § 2255 motion. Consequently, Megwa's unauthorized successive § 2255 motion will be dismissed on the basis that this Court lacks jurisdiction to address it. *See In re Hartzog*, 444 F. App'x at 65.

## CERTIFICATE OF APPEALABILITY

"[A certificate of appealability ("COA")] is a jurisdictional prerequisite[.]" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA is required to appeal the denial of a Rule 60(b) motion. *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011); *see also Gamboa v. Davis*, 782 F. App'x 297, 299 (5th Cir. 2019) (per curiam) ("A COA is required to appeal a district court's denial of a Rule 60(b) motion for relief from a federal habeas judgment.") (citing *Hernandez*, 630 F.3d at 428). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El*, 537 U.S. at 330; *accord Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006). When determining whether a COA should be granted, the court does not give full consideration to "the factual or legal bases adduced in support of the claims." *Gamboa*, 782 F. App'x at 299 (quoting *Buck v. Davis*, 137 S. Ct. 759, 773 (2017)). Rather, the court need only determine if the applicant makes a substantial showing "that jurists of reason could debate the propriety of the district court's assessment of his constitutional claims or conclude that his claims are 'adequate to deserve encouragement to proceed further.'" *United States v. Wainwright*, 237 F. App'x 913, 914 (5th Cir. 2007) (per curiam) (quoting *Miller-El*, 537 U.S. at 327); *see also Foster*, 466 F.3d at 364. In this case, the Court finds that Megwa has failed to make the requisite showing. Specifically, he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller El*, 537 U.S. at 330. Therefore, a COA will be denied.

## CONCLUSION

The Court construes Megwa's post-judgment motions (CV Docs. 25, 27) as an unauthorized successive § 2255 motion and DISMISSES it for lack of jurisdiction.

**SO ORDERED**.

August 25th, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE